UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HOUSE NETWORKS, LLC,<br><br>　　　　　Movant,<br><br>　　v.<br><br>MARKMONITOR, INC.,<br><br>　　　　　Respondent. | Case No. 20-mc-80083-TSH<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 4, 9, 12, 16 |

Before the Court are four administrative motions to file under seal:

(1) Movant Bright House Network's ("BHN") May 11, 2020 Administrative Motion to File Under Seal Certain Documents in Connection with BHN's Motion to Compel Compliance with Subpoena *Duces Tecum*, ECF No. 4;

(2) BHN's June 2, 2020 Administrative Motion to File Under Seal Certain Documents in Connection with Its Reply in Support of Its Motion to Compel, ECF No. 9;

(3) BHN's June 12, 2020 Administrative Motion to File Under Seal Certain Documents in Connection with Its Motion to Transfer, or in the Alternative, Stay the Proceedings, ECF NO. 12; and

(4) BHN's July 6, 2020 Administrative Motion to File Under Seal Certain Documents in Connection with Its Reply in Further Support of Its Motion to Transfer, or in the Alternative, Stay the Proceedings, ECF NO. 16.

All of the documents which BHN moves to file under seal were designated as confidential by Respondent MarkMonitor or by third-parties. Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party or a non-party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the

Designating Party must file a declaration . . . establishing that all of the designated information is sealable." Civil L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

In BHN's June 2 motion to seal, it seeks to file under seal documents that were designated as "Highly Confidential" by third-party Stroz Friedberg, Inc. in the underlying dispute, *UMG Recordings, Inc. v. Bright House Networks, LLC*, Case No. 8:19-cv-00710-MSS-TGW (M.D. Fla.). And in its June 12 motion to seal, it seeks to file under seal documents that were designated "Highly Confidential" by MarkMonitor in the *UMG* litigation. However, neither MarkMonitor nor Stroz Friedberg filed a responsive declaration to either of those motions. Accordingly, they are **DENIED**, and BHN is **DIRECTED** to file in the public record the documents referenced no earlier than July 21, 2020 and no later than July 27, 2020.

In BHN's May 11 motion to seal, it seeks to file under seal documents that were designated as "Confidential" by MarkMonitor in the *UMG* litigation. Decl. of Krishnan Padmanabhan ¶ 2, ECF No. 4-3. In particular, BHN seeks to file under seal a master services agreement and various statement-of-work agreements. *Id.* ¶¶ 3-10. MarkMonitor's counsel of record filed a declaration in support of sealing. Decl. of Andrew Castricone, ECF No. 14. The declaration was filed a month late and counsel has offered no explanation for the exceptional delay. Nevertheless, the Court will consider the declaration under the assumption that such tardiness will be limited to this one instance. MarkMonitor affirms that each of the documents sought to be sealed and their respective content contains non-public information that MarkMonitor maintains as commercially sensitive and confidential material. *Id.* ¶ 3. As such, the documents were produced with a "Confidential" designation under the terms of a Stipulated Protective Order filed in the *UMG* litigation. *Id.*

For non-dispositive motions such as the underlying motions in this case, only good cause needs to be shown for filing a document under seal. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we

apply the 'good cause' standard when parties wish to keep them under seal."). Courts in this district have found that good cause exists to seal confidential business information. *See, e.g.*, *Nevro Corp. v. Bos. Sci. Corp.*, 2017 WL 2780719, at *1 (N.D. Cal. June 27, 2017) (finding good cause where information contained "trade secrets and confidential information related to the development of new [] products and services"). Also, where documents were produced under a protective order in another case, there is good cause for that document to be filed under the seal. *See Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."). Accordingly, the Court **GRANTS** the May 11 motion to seal.

In its July 6 motion, BHN seeks to file under seal documents that were designated "Confidential" by the plaintiffs in the *UMG* litigation. In particular, BHN seeks to file under seal a services agreement between MarkMonitor and the plaintiffs and two addenda. Oppenheim + Zebrak, LLP ("O+Z"), counsel of record for all plaintiffs in the *UMG* litigation, filed a declaration in support of sealing. Decl. of Matthew J. Oppenheim, ECF No. 18. O+Z affirms that the relevant documents were designated as "Confidential" by the plaintiffs in the *UMG* litigation pursuant to a Stipulated Protective Order entered in that case. *Id.* at ¶ 3. All of the documents were designated as such because they contain "commercially sensitive and non-public information regarding services provided by MarkMonitor to Plaintiffs and O+Z" in connection with ongoing copyright infringement litigation and "information regarding the pricing of such services." *Id.* ¶¶ 4, 5, 6. Accordingly, the Court **GRANTS** the July 6 motion to seal.

**IT IS SO ORDERED.**

Dated: July 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge

3