UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHT HOUSE NETWORKS, LLC, <br><br> Movant, <br><br> v. <br><br> MARKMONITOR, INC., <br><br> Respondent. | Case No. 20-mc-80083-TSH <br><br> **ORDER GRANTING MOTION TO TRANSFER** <br><br> Re: Dkt. No. 13 |

In this matter, Movant Bright House Networks, LLC ("BHN") moved on May 11, 2020 to compel Respondent MarkMonitor, Inc. to comply with a third-party subpoena issued in litigation currently pending in the United States District Court for the Middle District of Florida, *UMG Recordings, Inc. v. Bright House Networks, LLC*, Case No. 18-cv-710-MSS-TGW (the "underlying matter"). ECF No. 1. On June 12, BHN moved to transfer this matter to the issuing court presiding over the underlying matter. ECF No. 13. MarkMonitor filed an Opposition, ECF No. 15, and BHN filed a Reply, ECF No. 17. Having considered the Parties' submissions, the record in the case, and relevant legal authority, the Court **GRANTS** the Motion to Transfer. The transfer renders moot the Motion to Compel before this Court.

## I.   BACKGROUND

BHN, now a defunct entity, was an Internet Service Provider ("ISP") which has been sued for copyright infringement by 63 of the world's largest record labels and music publishers (collectively, "UMG Plaintiffs") in the underlying matter. Mot. to Compel at 1. The UMG Plaintiffs allege that thousands of their works were unlawfully distributed online by BHN's Internet service subscribers to third parties using peer-to-peer file sharing programs between 2013 and 2016. *Id.* They seek to hold BHN vicariously and contributorily liable for its subscribers'

conduct based on BHN's provision of Internet services to those subscribers. *Id.* According to BHN, the sole evidence supporting the UMG Plaintiffs' claims of copyright infringement was provided by third party MarkMonitor, which was engaged by the record-label Plaintiffs' trade organization Recording Industry Association of America ("RIAA") to identify alleged infringers who were sharing copyrighted files, and to send notices to the ISPs, including BHN, that provided Internet services to the alleged infringers. *Id.*

BHN served its subpoena on MarkMonitor on December 20, 2019. Decl. of Jennifer A. Golinveaux in Supp. of Mot. to Compel ¶ 4, Ex. 2, ECF No. 2-1. The subpoena requested production of, among other things, communications between MarkMonitor and the UMG Plaintiffs or their trade organization, documents regarding MarkMonitor's methods and processes for identifying instances of alleged copyright infringement, evidence packages or log files memorializing data obtained through these processes, source and system code configurations, documents concerning MarkMonitor's methods of comparing metadata between alleged infringing files with metadata from MarkMonitor's own database, and documents of operational audits of MarkMonitor's systems. *Id.*

BHN argues that transfer is appropriate because MarkMonitor is not a true third party in the underlying matter. MarkMonitor is a litigation consultant to the UMG Plaintiffs, *see* Decl. of Sam Bahun in Supp. of Opp'n to Mot. to Compel ¶ 9, ECF No. 8-1, and it was hired by the UMG Plaintiffs to compile evidence of the alleged infringement at issue in the underlying matter, has contractually agreed to participate in that litigation, and is entitled to reimbursement for travel expenses and to a fee for its testimony. BHN thus contends MarkMonitor is effectively a participant in the litigation before the issuing court. Mot. at Transfer at 1. BHN also argues that transfer is appropriate because MarkMonitor wouldn't be burdened by responding to the motion to compel since this Court and the Middle District are both holding all proceedings electronically, and because the issuing court has an understanding of the complex technology and legal issues involved in the underlying matter and is best positioned to resolve the issues raised by BHN's Motion to Compel.

MarkMonitor's primary argument against transfer is to ensure consistent rulings with two

other matters in this District, both before Judge Sallie Kim, where parties moved to compel MarkMonitor's compliance with subpoenas. *Cox Communications, Inc., et al. v. MarkMonitor, Inc.*, Case No. 3:19-mc-80050-SK; *Charter Communications, Inc. v. MarkMonitor, Inc.*, Case No. 3:20-mc-80084-SK. It argues that transfer will result in it facing a burden "in light of multiple forums and inconsistent rulings." Opp'n at 8. And while it admits that it is a litigation consultant in the underlying matter, it insists that it "has not submitted to or injected itself into the Florida case." *Id.* at 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes to Rule 45 outline what constitutes exceptional circumstances:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments. However, this list is not exhaustive, and "[c]ourts have also considered a number of factors relating to the underlying litigation including 'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (quoting *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)). "[N]umerous district courts have found exceptional circumstances" when motion practice "in the issuing court […] raises similar arguments to those raised in the motion sought to be transferred." *E4*, 2015 WL 12746706, at *3 (citations omitted).

3

When the issuing court has already considered issues implicated in a subpoena-related motion, transfer is warranted. *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (finding transfer appropriate where "issues raised in the motion to compel relate to orders and discovery from the underlying [] case."). Exceptional circumstances also exist where ruling on the motion to compel would require the court of compliance to duplicate review already conducted by the issuing court, or where it would risk disruption of the issuing court's management of the underlying litigation. *Id.* at 430. In such circumstances, the issuing court "is in a better position to rule on these motions due to its familiarity with the issues involved." *Id.*

### III. DISCUSSION

Exceptional circumstances justify transfer of the Motion to Compel to the Middle District of Florida. First, the Court considers relevant the fact that MarkMonitor is contractually obligated to act as a litigation consultant for the UMG Plaintiffs in the underlying matter, and to provide evidence and testify if necessary. MarkMonitor has also taken the position in responding to the subpoena that certain materials are protected from production by the work product doctrine or other privileges that belong to the UMG Plaintiffs. Decl. of Jennifer A. Golinveaux in Supp. of Mot. to Transfer ¶ 5, Ex. 3, Mar. 5, 2020 Email from MarkMonitor to BHN, ECF No. 13-4 (MarkMonitor writing that it "serves . . . as a litigation consultant to the plaintiffs and therefore is not going to produce communications with plaintiffs or their counsel which is protected from disclosure under the attorney work product doctrine, attorney-client privilege, [or] is other privileged . . . ."). Thus, MarkMonitor is not a stranger to the underlying dispute.

Second, MarkMonitor will not be burdened or prejudiced by having the Middle District of Florida resolve the Motion to Compel. The Middle District, like this District, is conducting proceedings in civil matters telephonically or using videoconferencing technology for the immediately foreseeable future because of the COVID-19 pandemic. *See* Dkt. No. 123. Thus, for MarkMonitor, there is no practical difference between appearing before this Court or appearing before the Middle District.

Third, the subpoena includes requests involving complex technical data and documents

and information on complex technical methods or processes.  The underlying matter has been pending for 500 days and the Middle District has already ruled on discovery disputes in that matter, *see* Dkt. Nos. 91, 134, so that court is assuredly more familiar with the relevant issues and technical background of the dispute.  Ruling on the Motion to Compel would require this Court to duplicate substantial work already done by that court.

Lastly, MarkMonitor's primary arguments against transfer, to avoid inconsistent rulings and the burden of having to litigate in multiple forums, were never strong arguments in the first place and are now clearly mooted.  Even though the other two cases were before this Court, both cases were before a different judge.  Judge Kim declined to relate *Cox* to this case because the movants in the three cases are three separate entities, separate underlying lawsuits form the basis of each matter, and the motions to compel concern distinct sets of documents and are different in subject matter and scope.  Thus, none of the cases were ever related and there never was any certainty that there would be consistency between rulings in this case and Judge Kim's cases.  Additionally, Judge Kim granted the motion to transfer in *Charter*, transferred the motion to compel to the District of Colorado, and closed that file.  Thus, MarkMonitor's arguments as they relate to that matter are entirely moot.

## IV.   CONCLUSION

Accordingly, BHN's motion to transfer the Motion to Compel to the Middle District of Florida is **GRANTED**.  The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 3, 2020

THOMAS S. HIXSON
United States Magistrate Judge